Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
BMG MUSIC; SONY BMG MUSIC
ENTERTAINMENT; WARNER BROS.
RECORDS INC.; INTERSCOPE RECORDS;
ELEKTRA ENTERTAINMENT GROUP INC.;
MOTOWN RECORD COMPANY, L.P.;
LAFACE RECORDS LLC; FONOVISA, INC.;
and UMG RECORDINGS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; LAFACE RECORDS LLC, a Delaware limited liability company; FONOVISA, INC., a California corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br>　　　　　　Plaintiffs,<br>　v.<br>JOHN DOE,<br>　　　　　　Defendant. | CASE NO.<br><br>**EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

1    Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant, who is being sued for direct copyright infringement.[1]

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

///

///

///

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("If the person served has no known address, [service under Rule 5(a) is made by] leaving a copy with the clerk of the court.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1  WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2  foregoing requested discovery immediately.

4  Dated: November 29, 2007                    HOLME ROBERTS & OWEN LLP

                                               By: _____
                                               MATTHEW FRANKLIN JAKSA
                                               Attorney for Plaintiffs
                                               BMG MUSIC; SONY BMG MUSIC
                                               ENTERTAINMENT; WARNER BROS.
                                               RECORDS INC.; INTERSCOPE
                                               RECORDS; ELEKTRA
                                               ENTERTAINMENT GROUP INC.;
                                               MOTOWN RECORD COMPANY, L.P.;
                                               LAFACE RECORDS LLC; FONOVISA,
                                               INC.; and UMG RECORDINGS, INC.