Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
BMG MUSIC; SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; INTERSCOPE RECORDS; ELEKTRA ENTERTAINMENT GROUP INC.; MOTOWN RECORD COMPANY, L.P.; LAFACE RECORDS LLC; FONOVISA, INC.; and UMG RECORDINGS, INC.

E-FILED 7/9/08

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; LAFACE RECORDS LLC, a Delaware limited liability company; FONOVISA, INC., a California corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>     v.<br><br>JOHN DOE,<br>                    Defendant. | CASE NO. 5:07-CV-06034-RMW<br><br>HON. RONALD M. WHYTE<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND** xxxxxxxxxxxxx**)RDER** |

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 60 days to serve Defendant with the Summons and Complaint. As further explained below, Plaintiffs have believe they have discovered the identity of the Doe defendant in this case and have contacted this person in an attempt to resolve the dispute without further litigation. Plaintiffs thus seek additional time to effectuate service in the event the dispute is not resolved and Plaintiffs file a First Amended Complaint naming Defendant individually. In support of their request, Plaintiffs state as follows:

1. The current deadline for service of process is June 26, 2008. The initial case management conference is set for July 25, at 10:30 a.m. The case management conference and service deadline were both previously continued once upon Plaintiffs' request by the Court's Order of March 17, 2008.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on November 29, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, University of California, Berkeley.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on November 29, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on March 19, 2008, which Plaintiffs then served upon the ISP along with a Rule 45 subpoena. On April 30, 2008, the ISP responded to Plaintiffs' subpoena, providing Plaintiffs with identifying information including a name, telephone number, and address.

5. Plaintiffs sent a letter to the individual identified by the ISP on May 13, 2008 notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter. Thereafter, settlement discussions took place with Defendant, and settlement negotiations are presently ongoing.

1

6.  If the Defendant agrees to settle by July 15, 2008 or shortly thereafter, Plaintiffs will file appropriate dispositional documents with the Court.  If not, Plaintiffs plan to file a First Amended Complaint naming the Defendant in this case, and then proceed to serve process upon her.

7.  Given the circumstances of this case, Plaintiffs respectfully request an additional 60 days to effectuate service.

8.  Plaintiffs submit that their efforts to provide written notification to Defendant of their claims and resolve the case before naming her in the lawsuit constitute good cause for any delay in perfecting service.  *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions).  Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP.  This Court has discretion to enlarge the time to serve even where there is no good cause shown.  *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9.  Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

10. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated:  June 25, 2007                    HOLME ROBERTS & OWEN LLP


By: _____*/s/ Dawniell Alise Zavala*_____
    DAWNIELL ALISE ZAVALA
    Attorney for Plaintiffs

2

*EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
CASE NO. 5:07-CV-06034-RMW
#38452 V1

| | |
|---|---|
| 1 | <div align="center">x̶x̶x̶x̶x̶x̶x̶x̶x̶x̶x̶x̶x̶x̶x̶ ] **ORDER**</div> |
| 2 | Good cause having been shown: |
| 3 | **IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to August 22, 2008. |

Dated: 7/9/08       By: /s/ Ronald M. Whyte
                        Honorable Ronald M. Whyte
                        United States District Judge